UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JUSTIN JONES,

                              Plaintiff,                  5:22-cv-1188
                                                                                 (ECC/ML)

v.

DALE A. BUCK, JR. and
THOMAS A. GIANNETTINO,

                              Defendants.
_____

Justin Jones, *Plaintiff, pro se*
Aimee Cowan, Asst. Attorney General, *for Defendants*

**Hon. Elizabeth C. Coombe, United States District Judge:**

## MEMORANDUM-DECISION AND ORDER

**I.    Introduction**

On November 14, 2022, pro se Plaintiff Justin Jones filed this action pursuant to 42 U.S.C. § 1983, alleging that the John Doe Defendants violated his constitutional rights during a traffic stop and arrest in Auburn, New York. Complaint (Compl.) at 2-3, Dkt. No. 1. The Court reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A(a), and accepted the Complaint for filing to the extent that it asserts claims under the Fourth Amendment for excessive force and failure to intervene. Dkt. Nos. 10, 15. The Court also issued a *Valentin* Order for purposes of identifying the John Doe Defendants. Dkt. No. 12. On April 7, 2023, counsel for the New York State Attorney General's Office filed a status report pursuant to the *Valentin* Order, identifying the individual law enforcement officers who participated in the underlying traffic stop. Dkt. No. 14. U.S. Magistrate Judge Miroslav Lovric subsequently directed the Clerk of the Court to amend the docket to identify Dale A. Buck, Jr. and Thomas A. Giannettino

as the named Defendants in this action, and deemed the Complaint to be amended accordingly. Dkt. No. 15. Summonses were issued, and the Defendants filed their Answer on June 12, 2023. Dkt. No. 22.

Discovery commenced, and Plaintiff's deposition took place on March 15, 2024. Declaration of Aimee Cowan (Cowan Decl.) ¶ 3, Dkt. No. 50-1. Based on Plaintiff's deposition testimony, Defendants determined that they required further discovery material, namely photographs of Plaintiff's alleged injuries, a video of the underlying arrest, and an authorization for medical records. *Id.* ¶ 4. On April 1, 2024, Defendants sent Plaintiff a medical authorization for signature. On May 1, 2024, Defendants served Plaintiff with a Notice to Produce, requesting that Plaintiff provide the executed authorization as well as the outstanding material requested at the deposition. *Id.*

Plaintiff failed to respond to Defendants' Notice to Produce, and Defendants requested a discovery conference. Cowan Decl. ¶ 5. Between July 2024 and October 2024, Plaintiff failed to appear for four separately scheduled in-person discovery conferences. *Id.* ¶¶ 5-9, *see also* Dkt. Nos. 45, 47, 48, 49. Plaintiff also failed to serve Defendants with the outstanding discovery material during this time. Cowan Decl. ¶ 10.

On October 14, 2024, Defendants filed the pending motion to dismiss for lack of prosecution. Dkt. No. 50. Plaintiff did not timely oppose or otherwise respond to the motion, despite the court sua sponte granting him an extension of time. Dkt. No. 53. However, on January 27, 2025, Plaintiff filed a notice of change of address with the Court. Dkt. No. 55. The Court subsequently directed Defendants to serve the motion on Plaintiff via regular mail at his most

recently updated address. Dkt. No. 56. Defendants complied, and filed a certificate of service on January 29, 2025. Dkt. No. 57.

On February 18, 2025, Plaintiff filed a letter response opposing the motion. Dkt. No. 58. In his opposition, Plaintiff expresses his desire to continue prosecuting this action. *Id.* at 1. Plaintiff states that he previously sent photographs and "tax papers" to defense counsel, and that he has been unable to locate the subject video of the underlying arrest. *Id.* Moreover, Plaintiff represents that he missed the in-person court conferences due to an "infection" and a flat tire. *Id.* He also states he received "this letter late due to . . . being incarcerated[.]" *Id.* at 2.

On March 6, 2025, the Court received photographs via regular mail from Plaintiff, addressed to the attention of defense counsel. Dkt. No. 60.

In their March 19, 2025 reply, Defendants maintain that they have still not received any responses to their outstanding demands. Dkt. No. 61 at 8.

## II.    Discussion

Under Rule 41(b) of the Federal Rules of Civil Procedure, "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order," a court may dismiss the action. Fed. R. Civ. P. 41(b); *Link v. Wabash R. Co.*, 370 U.S. 626, 629-30 (1962). The Second Circuit has stated that:

> [T]he involuntary dismissal is an important tool for preventing undue delays and avoiding docket congestion. But it is also one of the harshest sanctions at a trial court's disposal, since it usually extinguishes the plaintiff's cause of action and denies plaintiff his day in court. As a result, it is reserved for use only in the most extreme circumstances.

*U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 250-51 (2d Cir. 2004) (internal citation omitted). The Second Circuit has further stated that courts "should be especially hesitant to dismiss for procedural deficiencies where the failure is by a pro se litigant." *Hunter v. N.Y. State Dep't of*

3

*Correctional Servs.*, 515 F. App'x 40, 42 (2d Cir. 2013) (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)) (internal punctuation omitted).

When determining whether dismissal for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate, courts must consider the following factors:

> whether (1) the plaintiff's failure to prosecute caused a delay of significant duration; (2) plaintiff was given notice that further delay would result in dismissal; (3) defendant was likely to be prejudiced by further delay; (4) the need to alleviate court calendar congestion was carefully balanced against plaintiff's right to an opportunity for a day in court; and (5) the trial court adequately assessed the efficacy of lesser sanctions.

*U.S. ex rel. Drake*, 375 F.3d at 254. None of these factors is dispositive. *Lopez v. Smurfit-Stone Container Enter., Inc.*, 289 F.R.D. 103, 104-05 (W.D.N.Y. 2013).

Considering these factors, the Court concludes that the sanction of dismissal under these circumstances is too harsh, "even if [it] may be warranted." *Oliver v. New York State Police*, No. 1:15-cv-444(BKS/DJS), 2022 WL 1125625, at *9 (N.D.N.Y. Apr. 15, 2022). Plaintiff's failure to prosecute has significantly delayed this action, which has been pending for over two years. However, initial discovery and depositions appear to have already been conducted without issue, and there is no indication that a significant amount of additional discovery is warranted beyond those items requested by Defendants after Plaintiff's deposition. Dkt. Nos. 36, 37, 39. If the Court credits the statements of Plaintiff in his recent submissions, his latest failures to participate in this litigation have not been the result of his complete unwillingness to litigate this matter.

Nevertheless, the Court also recognizes that Plaintiff has received explicit, repeated notice that his failure to comply with court orders, failure to appear as directed, and/or failure to engage in the discovery process may result in sanctions, including the dismissal of his case. Dkt. Nos. 23, 45, 47, 48, 49. Although Plaintiff has made some efforts to keep the Court updated with his address

4

and appear as directed, his most recent, repeated failures to do so have delayed the progression of this action.

As to the third and fourth factors, the Court recognizes that "[p]rejudice to defendants resulting from unreasonable delay may be presumed," *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 39 (2d Cir. 1982), "because delay by one party increases the likelihood that evidence in support of the other party's position will be lost and that discovery and trial will be made more difficult." *Shannon v. Gen. Elec. Co.*, 186 F.3d 186, 195 (2d Cir. 1999). However, balancing all of the factors, including the Court's interest in managing its calendar and docket against Plaintiff's interest in receiving a fair trial, the Court finds that the pro se Plaintiff's interest in receiving a trial on the merits outweighs the Court's interest in managing its docket.

Finally, the Court notes that dismissal is an exceedingly harsh sanction reserved for the most extreme cases. Here, the Court finds that a lesser sanction, conditional dismissal, is appropriate. *See Chimbay v. Dzurenda*, No. 2:21-cv-01297, 2024 WL 2214173, at *7 (E.D.N.Y. May 16, 2024) ("Because analysis of some of the Rule 41(b) factors counsels against dismissal with prejudice, the Court concludes that dismissal for failure to prosecute is improper. Instead, the Court will grant [an] extension of time from the date of this order to serve complete discovery responses on the County Defendants. Failure to serve complete discovery responses will result in dismissal with prejudice for failure to prosecute."); *Tennyson v. Francemone*, No. 5:16-cv-00929 (NAM/ATB), 2021 WL 5810319, at *4 (N.D.N.Y. Dec. 7, 2021).

**Accordingly, on or before April 8, 2025, Defendants shall serve Plaintiff at his most recently updated address with a Supplemental Notice to Produce, incorporating the Defendants' demands for all of the aforementioned, outstanding discovery.** <u>**Plaintiff is ordered to respond to Defendants' Notice to Produce by May 6, 2025. Plaintiff should send**</u>

5

**his response directly to counsel for Defendants via regular mail, and not to the Court. IF PLAINTIFF FAILS TO RESPOND TO DEFENDANTS' SUPPLEMENTAL NOTICE TO PRODUCE BY MAY 6, 2025, HIS CASE WILL BE DISMISSED.**

**Plaintiff is again advised that, moving forward, his failure to comply with court orders, appear for proceedings, engage in the discovery process, or keep his address updated with the court and opposing counsel may result in sanctions being imposed pursuant to Fed. R. Civ. P. 37 and 41, including dismissal of the case.**

### III. Conclusion

For these reasons, it is

**ORDERED** that Defendants' motion to dismiss for failure to prosecute, Dkt. No. 50, is **DENIED**, and it is

**ORDERED** that Plaintiff shall respond to Defendants' Supplemental Notice to Produce as discussed herein, or his Complaint will be dismissed.

**IT IS SO ORDERED.**

Dated: April 2, 2025

_____
Elizabeth C. Coombe
U.S. District Judge